**HERMINIO MADERA, Inc., et al. v. MADERA.**

No. 3183.

Circuit Court of Appeals, First Circuit.

March 15, 1937.

Enrique Igaravidez, of San Juan, P. R. (Juan B. Soto, of San Juan, P. R., and John W. Blakeney, Jr., of Boston, Mass., on the brief), for appellants.

L. E. Dubon, of San Juan, P. R. (B. F. Sanchez and Dubon & Ochoteco, all of San Juan, P. R., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a suit to recover on a promissory note and foreclose a mortgage on real estate by which the note is secured. The District Court of San Juan gave judgment for the defendant; on appeal the Supreme Court of Puerto Rico held that the plaintiff was entitled to recover; and the defendant has appealed. We shall refer to the parties plaintiff and defendant as they appeared in the trial court.

The essential facts are not in controversy. The defendant and his three brothers, Jose, Manuel, and Bautista, were in business together as partners, and also through three corporations which they controlled.

The business appears to have been of rather extensive character. Controversies arose between them and several lawsuits were instituted. There were many points of disagreement. The parties got together and made an agreement of complete settlement dated March 3, 1931. It is a rather elaborate multilateral contract executed by each of them individually, by the partnership, and by each of the three corporations. The present controversy involves the construction of this agreement, the defendant's contention being that the plaintiff has no right to enforce the note and mortgage because he and his assignor are themselves in default under the agreement.

The agreement contains five preliminary clauses which state the parties and the circumstances which have led to the making of it, and that it is the intention to settle all matters in dispute. Then follow twelve clauses stating what is agreed. In the first of these clauses disposition is made of certain shares of stock of the Combate Tobacco Corporation, and the dismissal of certain suits is provided for. In the second clause Jose Madera in consideration of $12,000 relinquishes to the present defendants all his rights in Riera & Co., Inc., and in the partnership of Herminio Madera and Hermano (brother), this relinquishment not to be effective until the consideration shall have been paid. The third clause specifies the manner in which this payment shall be made, viz., $2,000 by a contemporaneous transfer of certain tobacco, the receipt of which is acknowledged, and $10,000 to be paid in gold on January 1, 1936, with interest at 8 per cent. per annum. The fourth clause relates to the security for the postponed payment, that it shall be secured by a mortgage on certain real estate, the title to which stood in the name of one of the corporations, and by an assignment from Herminio Madera of a contract which he held to purchase other real estate. This clause also contains provisions requiring Herminio to reduce prior incumbrances on the mortgaged property to specified amounts. The fifth clause requires Herminio Madera to pay interest and taxes on the mortgaged property and to keep it insured; and the sixth clause provides that on his failure to do so the principal sum shall forthwith become due, and the mortgagee shall be entitled to proceed to the collection of it. In the seventh clause Herminio Madera agrees to obtain the execution and registration of the mortgage "to secure Mr. Jose Madera the $10,000 agreed upon *under the terms above mentioned,*" etc. (Italics supplied.) The eighth clause requires Jose Madera and Manuel Madera, the plaintiff, upon execution and registration of the mortgage to dismiss all law suits in which they were plaintiffs and provides for the exchange of mutual releases between all parties. The final paragraph of this clause is what has led to the present controversy. It reads as follows:

"It is mutually agreed between Jose Madera, Manuel Madera and Herminio Madera that upon the execution of the mortgage in the Registry of Property in favor of Jose Madera on the Tobacco Palace Bldg., subject to the terms of this covenant, and the inscription of the said mortgage without defects and as provided for in this clause that Jose Madera and Manuel Madera will deliver to Herminio Madera duly endorsed in blank the shares of stock that they may now hold of the corporation Alonso Riera & Co., Inc."

The ninth clause provides for the dissolution of the partnership, Herminio Madera assuming all its debts. By the tenth clause the name of a corporation, having the same name as the partnership, is to be changed so that it shall not appear that Jose Madera is associated with it. By the eleventh clause Herminio Madera agrees not to use the words "and Hermano" in such a way as to indicate that Jose is associated with him. The twelfth and last clause reads as follows:

"Twelfth: That the defaulting party shall forfeit and pay to the other of them the sum of $2,000.00 as liquidated damages; and then that these presents shall become void."

The mortgage was duly executed and registered by the defendants about two weeks after the contract of settlement; it is dated March 16, 1931. The note reads in part as follows:

"We will severally pay to Jose Madera Rivero, or to his order, on the first day of January One Thousand Nine Hundred Thirty-Six, at the Royal Bank of Canada (San Juan, Porto Rico Branch), the sum of Ten Thousand Dollars ($10,000.00) in gold of the legal tender of the United States of America, which sum shall bear interest, from this date, and up to the date of payment in full thereof, at the rate of eight per cent (8%) per annum, which interest we severally oblige ourselves to pay monthly on the first day of every month at the Royal Bank of Canada (San Juan,

Porto Rico Branch) or at such other place in Porto Rico which the holder of this note may designate. This note is executed by us, for value received; *and in further consideration of the stipulation contained in an agreement executed by us and other persons, on the third of March, One Thousand Nine Hundred and Thirty-One,* before the notary of San Juan, Puerto Rico, Mr. Luis E. Dubon, recorded under the number 3,505 of the Registry of Affidavits of the said notary.

"This note is secured by a mortgage executed by the maker herein Tetuan Tobacco Leaf, Inc., on the Property known as the Tobacco Palace Building, situated at numbers 58, 60 and 62 on Tetuan Street, in the City of San Juan, Puerto Rico, as it appears by the Deed of Mortgage authorized on this date before the Notary of San Juan, Puerto Rico, Mr. Luis E. Dubon, and which Deed is number 22 of the Protocol of Deeds of said notary, corresponding to the present year, and this note is executed and delivered by us subject also to all terms stipulated in the aforesaid Deed of Mortgage."

"Default in the payment of the interests agreed upon and as provided herein as well as noncompliance with any of the conditions stipulated in the Deed of Mortgage referred to in the foregoing paragraph, shall produce the maturity of this obligation, and the holder thereof may proceed to its collection without previous demand or notice." (Italics supplied.)

The various dismissals, releases, transfers, etc., called for by the agreement appear to have been, for the most part, at least, duly performed, though it is claimed that Herminio failed to reduce the prior obligations on the mortgaged property in accordance with his agreement to do so. The shares of stock in Riera & Co., Inc., which were to have been delivered by Jose Madera and Manuel Madera have never been delivered; they are in default under that clause of the agreement. The original mortgagee, Jose, assigned his interest in the mortgage and note to Manuel. For default in payment of interest and other defaults Manuel brought suit to collect the note and foreclose the mortgage. The defendant alleged that he was not entitled to do so because of the breach of the agreement by himself and Jose in failing to deliver the Riera stock.

The case is governed by the Civil Code of Puerto Rico, § 1053: "In mutual ob-

ligations none of the persons bound shall incur default if the other does not fulfill or does not submit to properly fulfill what is incumbent upon him. From the time one of the persons obligated fulfills his obligation the default begins for the other party."

The District Judge held that the provisions of the agreement relating to the giving of the mortgage by Herminio, and the delivering of the stock by Jose and Manuel, constituted mutual obligations; that this mutuality extended to the mortgage and note while in the hands of the original parties or persons taking with notice, as Manuel clearly did; and that the plaintiff was not entitled to foreclose the mortgage or collect the note because of his own and his assignor's breach of the agreement. The Supreme Court of Puerto Rico held that the agreements, relating to the giving of the mortgage and note, and to the transfer of the stock, were not "mutual obligations," under section 1053. It also held that, "The covenant, on the part of Jose Madera as to the endorsement and delivery of stock was, at most, a negligible part of the consideration and his failure to endorse and deliver the stock was but a partial and immaterial failure of consideration." It accordingly held that the failure of the plaintiff or his assignor to deliver the Riera stock did not bar enforcement by them of the mortgage and note.

The note and mortgage were given in performance of the fourth clause of the agreement. When executed and delivered they constituted independent agreements by the makers of them, and were not "mutual obligations" with any other clause of the contract, under section 1053, unless made so by express terms. The recital in the note that it was given in consideration of the agreement of settlement did not tie the two together so as to condition the note and mortgage on performance by payee of all his obligations under the settlement agreement. Explicit language or very unusual circumstances would be required to show such an intention with respect to an agreement as inherently independent as a promissory note and a mortgage securing it. A recital that a mortgage and note are made in consideration of an agreement does not have that effect. See Powell & Powell v. Greenleaf & Currier, 104 Vt. 480, 162 A. 377, collecting cases.

There was ample consideration for the mortgage and note aside from the transfer of the Riera stock, viz., releases, dis-

missals of suits, transfers of property rights, etc., were involved. These are specified in the agreement preceding the provision relating to the note and mortgage. The agreement refers to them when it explicitly states that the note and mortgage are given "upon the terms above mentioned" which terms did not include the transfer of the Riera stock. It is clear, we think, that the plaintiff's failure to transfer the stock was only a partial failure of consideration, and did not make the note and mortgage unenforceable at common law. No authorities have been cited which indicate that a different result would be reached under the Puerto Rico Code. There is no reason to suppose that the Supreme Court of Puerto Rico was in error on this point. The citations from the commentators relied on by the appellant do not apply where a clause in a bilateral contract has been performed and has resulted in the creation of an independent obligation.

The purpose and effect of the twelfth clause of the contract are not entirely clear; but we think it was intended to provide against a breach in limine, if one of the parties should refuse to make the settlement which had been agreed upon. The provision "and then that these present shall become void" would hardly be applicable to any other situation.

The judgment of the Supreme Court of Puerto Rico is affirmed, with costs.