**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Luther M. RICHEY, Jr., Defendant.**

**Civ. A. No. 2332.**

United States District Court
W. D. South Carolina,
Anderson Division.

Aug. 29, 1958.

Beverley R. Worrell, Regional Atty., U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

John M. Schofield, Walhalla, S. C., for defendant.

WYCHE, Chief Judge.

This action was brought by the plaintiff James P. Mitchell, Secretary of Labor, United States Department of Labor, on May 9, 1958, to recover from the defendant unpaid minimum wages and overtime compensation alleged to be due eleven named employees of the defendant under the provisions of the Fair Labor Standards Act of 1938, as amended, hereinafter referred to as the Act.

The question now before me in the above case is plaintiff's motion to dismiss defendant's counterclaim.

Jurisdiction of this action is conferred by Section 16(c) of the Act, 29 U.S.C.A. § 216(c), and by 28 U.S.C.A. § 1337. Under Section 16(c) of the Act, when a written request is filed by an employee with the Secretary of Labor, claiming unpaid minimum wages or overtime compensation due under the Act and requesting the Secretary to institute suit to recover the amount due to the employee, the Secretary may bring an action in any court of competent jurisdiction to recover the amount of the claim.

The counterclaim alleges that Herman W. Easton and Paul Fortson, two of the eleven employees alleged in the complaint to be due unpaid wages under the Act, are indebted to the defendant in the respective amounts of $500 and $300, and prays judgment against Herman W. Easton and Paul Fortson in said amounts.

Plaintiff contends that the court lacks jurisdiction over defendant's counterclaim on three grounds: (1) the United States is the real party plaintiff in this action, and it has not given its consent to any counterclaim or set-off in actions brought under Section 16(c); (2) the counterclaim is a permissive counterclaim lacking independent grounds of federal jurisdiction; and (3) the counterclaim does not state a claim against an "opposing party" as required by the Federal Rules of Civil Procedure.

The plaintiff brought this action in his official capacity as a federal official for the benefit of the United States and under the express provisions of a statute; it is therefore a suit by the United States. Inasmuch as the counterclaim seeks to reduce the amount claimed by the plaintiff, it is brought against the plaintiff, i. e. the United States.

■ No suit, counterclaim or set-off may be brought against the United States without specific statutory consent. United States v. Shaw, 1940, 309 U.S. 495, 500, 501, 60 S.Ct. 659, 84 L.Ed. 888; United States v. United States Fidelity and Guaranty Co., 1940, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; Nassau Smelting & Refining Works v. United States, 1924, 266 U.S. 101, 45 S.Ct. 25, 69 L.Ed. 190; State of Kansas v. United States, 1907, 204 U.S. 331, 27 S.Ct. 388, 51 L.Ed. 510.

For a counterclaim or set-off to be allowed against the United States, there must be a specific statute authorizing an original suit against the United States on the claim on which the counterclaim or set-off is predicated. Section 16(c) of the Fair Labor Standards Act does not authorize suits against the United States or counterclaims or set-offs in actions brought by the Secretary of Labor pursuant to that section.

A judgment in this case would not bar the defendant from bringing an independent action in a State Court against Easton and Fortson for the amounts the defendant claims to be due him by Easton and Fortson.

■ While under Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A., a counterclaim must state a claim against an opposing party. However, neither of the individuals named in the counterclaim is an opposing party in this action. Herman W. Easton and Paul Fortson are not parties plaintiff; the only interest represented herein is the public interest in that this action is under the control of the Government and is brought by the Secretary of Labor in his official capacity as a federal official for the benefit of the United States and for the purpose of enforcing the Fair Labor Standards Act. The real party in interest is therefore the Secretary of Labor and Herman W. Easton and Paul Fortson would have no property right in any award until they actually received it. While the method of enforcement comprises an effort by the Secretary to recover wages due certain individuals under the Act, the action is nevertheless an action in the public interest and vested in the United States.

Having reached this conclusion, it is not necessary to consider the remaining grounds for dismissal of the counterclaim.

It is, therefore, my opinion that plaintiff's motion to dismiss defendant's counterclaim should be granted, and

It is so ordered.