W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

EVANS JANITOR SERVICE, INC., a corporation, Defendant.

Civ. A. No. AC–1131.

United States District Court
E. D. South Carolina,
Columbia Division.

Aug. 19, 1964.

———◆———

Beverley R. Worrell, Atlanta, Ga., for plaintiff.

Edgar L. Morris, Columbia, S. C., for defendant.

SIMONS, District Judge.

This suit was brought by the Secretary of Labor pursuant to 29 U.S.C. § 217, to enjoin Evans Janitor Service, Inc., from violating the minimum wage, overtime compensation, and recordkeeping provisions of the Fair Labor Standards Act of 1938, as amended, and to restrain the withholding of payment of minimum wages and overtime compensation alleged to be due two former employees.

As a part of its Answer to the Complaint, defendant served on plaintiff Counterclaims for loans of $52.50 allegedly made to each of the two former employees to purchase automobile liability insurance required for vehicles coming regularly onto the Fort Jackson military reservation.

The case is now before me on plaintiff's motion to dismiss the counterclaims.

Plaintiff contends that the Court lacks jurisdiction to entertain the counterclaims or setoffs.

Judge Wyche has held in a concise opinion that a counterclaim cannot be maintained in an action brought under Section 16(c) of the Fair Labor Standards Act, upon employees written requests, to recover minimum wages and overtime compensation due such employees. Mitchell v. Richey, 164 F.Supp. 419 [W.D.S.C.1958]. Circuit Judge Bell, sitting by designation, recently reached a similar result in Wirtz v. L & S Truckers Service, Inc., E.D.N.C., Fayetteville Division, C.A.Mo. 615, 16 WH Cases 239, as follows:

"7. The Court is without jurisdiction to consider the defendant's counterclaim herein against King Solomon Jones in that: [a] the United States is the real party plaintiff and has not consented to any counterclaim or set-off in actions brought under Section 16 [c] of the Act; [b] the counterclaim is a permissive counterclaim lacking independent grounds of Federal jurisdiction; and [c] the counterclaim does not state a claim against an opposing party as required by Federal Rules of Civil Procedure."

Plaintiff contends that this Court lacks jurisdiction of the counterclaims for the reason enumerated by Judge Bell.

It is clear that, "No suit, counterclaim or set-off may be brought against the

United States without specific statutory consent" ; Richey, supra, 164 F.Supp. at page 420, and cases cited therein. The United States has given its consent to be sued in numerous statutes, but not, however, in the Fair Labor Standards Act, except for limited purposes not pertinent here.

The reasons which have led Courts to hold that actions by the Secretary of Labor under Section 16(c) for unpaid wages are actions by the United States, and that the government is the real party plaintiff, are even more compelling in suits for injunctive relief under Section 17. In the subject suit an injunction is sought against future violations as well as continued withholding of wages unlawfully withheld from employees. The relief sought is reasonably calculated to promote the enforcement of the statute by the official agent of the United States charged with the enforcement thereof. In Walling v. Norfolk Southern Ry. Co., 162 F.2d 95, an appeal from an Order taxing costs against the plaintiff in a suit brought pursuant to Section 17, Judge Parker, speaking for the Court observed:

> "Plaintiff in this case sued, not in his individual, but in his official capacity. The suit was for the benefit of the United States and was instituted by the Administrator." Prior to the Reorganization Act, suits under the Fair Labor Standards Act were brought in the name of the Administrator of the Wage and Hour Division under the express provisions of a statute.

The application of the foregoing principles has permitted a practical result. Although the Complaint in the instant case names only two employees due wages, large numbers of employees are frequently named. [See, for instance, Wirtz v. Askins, E.D.S.C., Florence Division, C.A. 8357, wherein it was alleged that wages had been wrongfully withheld from 137 employees.] Setoffs or counterclaims, sought to be imposed, could be based on a variety of alleged causes of action. To permit setoffs would subject the Courts to a most tedious process, and one which should not be undertaken where the statute under which the action is brought does not provide or contemplate an adjudication and adjustment of corresponding claims.

It is, therefore, my opinion that plaintiff's motion to dismiss defendant's counterclaim should be granted, and

It is so ordered.