GOVERNMENT OF THE VIRGIN ISLANDS,
Commissioner of Labor, Plaintiff

v.

SEMC CORPORATION,
Claude Simmonds, President, Defendant

Civil No. 210-1967

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

October 16, 1967

A. ROBERT PFEFFER, Assistant Attorney General, *for defendant*

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, Virgin Islands, *for defendant*

JOSEPH, *Judge*

## OPINION

The matter presently before the court, having been transferred to the Division of St. Croix, is plaintiff's motion to dismiss defendant's counterclaim.

Plaintiff has filed suit herein for the collection of unpaid wages allegedly due by defendant to one Leo Burton in the amount of $842.00, as assignee of the said Leo Burton, pursuant to the provisions of 24 V.I.C. § 17(b). By way of a counterclaim, defendant asserts:

"6. Defendant hired the plaintiff's assignor but Leo Burton did not account for monies received by him; purchased merchandise on credit without authorization and failed to pay for the same; received other benefits, all in an amount exceeding the claim of the plaintiff. Defendant thus prays for an accounting and judgment."

In support of its motion to dismiss the Commissioner of Labor urges that the Government, and not the employee, is the real party in interest, representing the public interest of enforcing the Fair Labor Standards provisions of the Laws of the Virgin Islands, and, citing Rule 13(a) of the Federal Rules of Civil Procedure 5 V.I.C. App. I, that a counterclaim must state a claim against "an opposing party".

Defendant counters with the argument that a distinction in the language of the federal and local laws providing

for government suits to enforce employees' wage claims requires a different conclusion as to the maintainability of a counterclaim. The distinction noted is that 24 V.I.C. § 17(b) provides for an assignment by the employee of a wage claim as a prerequisite to suit by the Commissioner whereas the federal Fair Labor Standards Act, 29 U.S.C.A. 216(c) provides for a "written request" by the employee to the Secretary of Labor. Defendant does not deny that the Commissioner of Labor here is the real party in interest but cites 5 V.I.C. § 71 to the effect that "in the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any setoff or other defense existing at the time of or before notice of an assignment; . . ."

Since much emphasis is placed by defendant upon the distinction between the federal and local law as noted above, that question will be first considered and disposed of. The court recognizes the difference in the language employed by the two statutes. It would appear, however, that in the light of the construction given the federal law by the courts, the distinction is one of semantics only. The courts have so construed the "written request" of the employee under federal law as to give it the status of an irrevocable assignment.

In Wirtz v. C & P Shoe Corporation, 336 F.2d 21 (5th Cir. 1964), a number of defendant's employees had filed written requests with the Secretary of Labor to sue for their claims of unpaid wages. One of the employees subsequently sought to revoke her request. The court, recognizing that the question was new to the appellate courts, cited the cases of Mitchell v. Richey, 164 F.Supp. 419 (D.C.S.C. 1958) and Mitchell v. Floyd Pappin & Son, Inc., 122 F.Supp. 755 (D.C.Mont. 1954) holding that in such suits the employer cannot counterclaim for amounts due by the employee to the employer, and the case of Mitchell

v. Stewart Bros. Construction Co., 184 F.Supp. 886, 898 (D.C.Neb. 1960) to the effect that the employee's name does not have to be added as a party plaintiff (see Federal Rules of Civil Procedure, Rule 17). The Stewart case and another are cited as authority that once suit has been filed pursuant to a written request "jurisdiction has attached" and the suit may be maintained by the Secretary of Labor in behalf of the employee even though such request is subsequently withdrawn, as the employee "has no power to dismiss the case" and "has no control over it". The court stated:

"This court has recognized that in this type of suit brought by the Secretary, the Government becomes an active protagonist for the double purpose of protecting private interest and vindicating public rights. Mitchell v. Mitchell Trunk Line, Inc., 286 F.2d 721, 727 (5th Cir. 1961).

"Significantly, Section 16(c) provides, in effect, that where the employee consents to the bringing of the action by the Secretary, the employee thereby waives any right of action he may have under Section 16(b), unless the Secretary's suit is dismissed without prejudice 'on motion of the Secretary'. Significantly, also, the section speaks of 'sums thus recovered by the Secretary' and requires their retention in a special deposit account until disbursed 'on order of the Secretary'."

The court therefore affirmed the District Court's refusal to dismiss the action as to the employee in question.

 Accordingly, the granting of a "written request" of Section 16(c) of the federal law has all of the legal consequences of an assignment. The government official is in both cases authorized to file suit in the place of the employee, to sue and recover in his own name and to dismiss the suit if he so desires. The employee, certainly after suit has been filed, has completely surrendered control over the direction or maintenance of the action and he has no property right in it. Mitchell v. Richey, supra.

■ Turning then to other issues involved, it is clear that counterclaims are not allowable in suits by the Secretary of Labor under the Fair Labor Standards Act. A number of reasons have been advanced in support of this conclusion, including such federal issues as immunity of the government from suit and that the counterclaim, as permissive, lacks independent grounds of federal jurisdiction. One ground commonly advanced is that under Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A., 5 V.I.C. App. I, a counterclaim must state a claim against an opposing party, and that in a suit by the Secretary of Labor the employee is not "an opposing party". This ground alone was held to be sufficient in Mitchell v. Richey, supra. There the court granted a motion to dismiss defendants' counterclaim which alleged that two of the employees, Herman W. Easton and Paul Fortson, were indebted to him in the respective amounts of $500 and $300, stating:

". . . Neither of the individuals named in the counterclaim is an opposing party in this action. Herman W. Easton and Paul Fortson are not parties plaintiff; the only interest represented herein is the public interest in that this action is under the control of the Government and is brought by the Secretary of Labor in his official capacity as a federal official for the benefit of the United States and for the purpose of enforcing the Fair Labor Standards Act. The real party in interest therefore is the Secretary of Labor and Herman W. Easton and Paul Fortson would have no property right in any award until they actually received it. While the method of enforcement comprises an effort by the Secretary to recover wages due certain individuals under the Act, the action is nevertheless an action in the public interest and vested in the United States.

"Having reached this conclusion, it is not necessary to consider the remaining grounds for dismissal of the counterclaim."

This reasoning is equally applicable to the question now before this court.

■ The Congress of the United States, in enacting the Revised Organic Act of 1954, V.I.C. Vol. 1, pp. 85 et

seq., Section 25, made the Federal Rules of Civil Procedure applicable to the District Court of the Virgin Islands. Rule 7 of the Rules Governing the Municipal Court, promulgated by the District Court pursuant to the authority of Section 23 of the Revised Organic Act, provides that the practice and procedure in the Municipal Court shall conform as nearly as may be to that in the District Court in like cases, except where there is an express provision in the law or these rules to the contrary.

No express rule contrary to Rule 13(a) and (b) requiring that counterclaims can only be maintained by an opposing party has been found, unless it can be said that 5 V.I.C. § 71 is such a contrary law. The court does not believe that such a construction is supportable. 5 V.I.C. § 71 is applicable by its terms to both the District and the Municipal Court. If this statute is to be so construed as to hold that a counterclaim can be maintained against an assignor who is not an opposing party then it must bow to the superior authority of section 25 of the Revised Organic Act of 1954.

The conclusions stated herein render it unnecessary to consider whether the counterclaim filed herein is otherwise sufficient.

In view of the law stated above and the strong public interest in the enforcement of the Fair Labor Standards provisions of 24 V.I.C., the Commissioner's Motion to dismiss the counterclaim filed by defendant is hereby granted. The court will enter an order dismissing the counterclaim.