CHEMETRON CORPORATION,
Plaintiff,

v.

Evelio CERVANTES, Defendant.

C. A. GASES INDUSTRIALES DE
VENEZUELA, Plaintiff,

v.

Evelio CERVANTES, Defendant.

Civ. Nos. 80–0974(PG), 80–0975(PG).

United States District Court,
D. Puerto Rico.

Oct. 6, 1981.

Herbert W. Brown, III, Jiménez & Fusté, San Juan, P. R., for plaintiffs.

Raúl E. González-Díaz, Hato Rey, P. R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

A brief account of the procedural facts is necessary in order to consider defendant's request for reconsideration and/or opposition to the Magistrate's Recommendations, filed on August 24, 1981.

In the Magistrate's Report and Recommendation, filed on June 8, 1981, U. S. Magistrate Justo Arenas considered three issues which were referred to him for resolution. One of the matters was a motion for summary judgment filed by Chemetron seeking payment of principal and interest on a promissory note which formed part of a loan agreement entered into between Chemetron and defendant Cervantes. The U. S. Magistrate recommended that the same be granted since there was no genuine issue as to any material fact. Another matter was plaintiffs' motion to dismiss Cervantes' counterclaim against Allegheny-Ludlum. The Magistrate recommended that the same should be granted due to the fact that Allegheny-Ludlum is not a party in the case herein. The third matter considered was plaintiffs' motion to dismiss Cervantes' counterclaim against Chemetron and C. A. Gases Industriales. The Magistrate treated Cervantes' counterclaims as permissive and recommended that plaintiffs' motion to dismiss should be denied on the grounds of the lack of complexity of the controversies alleged in the counterclaims.

Subsequently, on June 19, 1981, an opposition was filed by plaintiffs, wherein they request that the Magistrate's recommendation be adopted *in toto*, with exception as to the Magistrate's recommendation that the counterclaims against Chemetron and C. A. Gases Industriales be granted. On June 22, 1981, defendant Cervantes filed a request for modification of report, wherein he requests that the Magistrate's recommendation be amended in that summary judgment be denied and so that Allegheny-Ludlum be found to have voluntarily submitted itself to the jurisdiction of this Court. For the latter argument, plaintiff cites *Bulova Watch Co., Inc. v. K. Hattori & Co.*, 508 F.Supp. 1322 (E.D.N.Y., 1981) in support thereof. Plaintiffs filed their opposition to defendant's request on June 26, 1981. These consolidated cases were once again referred to the Magistrate for consideration of the above named motions. Another Report and Recommendation was filed on August 24, 1981, and again the U. S. Magistrate recommended the dismissal of the counterclaim as to Allegheny-Ludlum and the granting of the summary judgment. However, as to the counterclaims as to Chemetron and C. A. Gases Industriales, the U. S. Magistrate recommended that the motion to dismiss the same should be granted. The basis for the Magistrate's recommendation was that the "claim is not compulsory if it was the object of another pending action at the time the action was commenced". In support thereof, the Magistrate cites *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 470, 94 S.Ct. 2504, 2506, 41 L.Ed.2d 243 (1974).

Taking into consideration that Cervantes' action in Venezuela preceded his counterclaim in this case, the Magistrate concluded that the claim was permissive, and further noting that a determination of Venezuela labor law will unduly complicate the case herein, he recommended the dismissal of both counterclaims. On September 4, 1981, defendant filed a request for reconsideration of the above referred Magistrate's recommendation. Plaintiffs filed a response thereto on September 23, 1981. For the reasons set forth below plaintiffs' motion to dismiss the counterclaim as to Allegheny-Ludlum will be granted; plaintiffs' motion to dismiss the counterclaims as to Chemetron and C. A. Gases Industriales will be

denied; and Chemetron's motion for summary judgment will be granted.

### Nature of the Litigation

In these consolidated actions, Chemetron is seeking payment of principal and interest on a promissory note, the face value of which is $20,000; and C. A. Gases Industriales seeks to recoup a share of stock in the Caracas Country Club, in Venezuela.

Defendant Cervantes was employed by Chemetron at the Chicago offices as one of its executive officers and he was also the President of C. A. Gases Industriales, a subsidiary or affiliate of Chemetron. Subsequently, a third company, Allegheny-Ludlum Industries, Inc., purchased Chemetron, together with its affiliates and subsidiaries. After the acquisition on November 22, 1978, a loan agreement was entered into by Cervantes and Chemetron, on January 1, 1979, in which Cervantes agreed and promised to pay to the order of Chemetron, on demand, the sum of $20,000.00 in the event that he should cease to be employed by Allegheny-Ludlum, or any of its subsidiaries or affiliates or in the event that he should be relocated to the United States. Amendment to the loan agreement signed by defendant on May 15, 1979, makes Chemetron the payee of the debt evinced by the note. Part of the loan agreement consisted of a promissory note dated May 15, 1979, whereby Cervantes unconditionally agreed to pay the $20,000.00 loan, free of interest, thirty days after demand. In between the loan agreement and the amendment to said agreement, an Employee Transfer Agreement was entered into on January 1, 1979, between Chemetron, a wholly owned subsidiary of Allegheny-Ludlum, and Allegheny-Ludlum (both companies referred to as Allegheny-Ludlum in said document) and Cervantes. Included in the document are the mutual promises and agreements entered into as part of the transfer of employment of Cervantes from Chemetron to C. A. Gases Industriales. On page six of the agreement, reference is made to the loan of $20,000.00 which "Allegheny-Ludlum has provided Cervantes". It is agreed that in the event that the loan became due and payable, Allegheny-Ludlum will have "the right to offset and apply amounts owed to Cervantes by Gases Industriales, Allegheny-Ludlum and any affiliated company of Allegheny-Ludlum in payment of the amount due under the loan". On January 1, 1979, the employment contract was executed between C. A. Gases Industriales and Cervantes. Thereafter, Cervantes' employment with C. A. Gases Industriales was terminated effective December 31, 1979.

I. Plaintiffs' Motion to Dismiss Defendant's Counterclaim against Allegheny-Ludlum.

Rule 13(a) of the Federal Rules of Civil Procedure, requires, and the first sentence of Rule 13(b) of the same rule allows, a pleader to state a counterclaim that he has against an "opposing party" at the time he serves his pleading.

One important factor in determining whether the parties are "opposing parties" is whether the party against whom the counterclaim is asserted is actually a party to the action. 6 Wright and Miller, Federal Practice and Procedure, Section 1404, at 19; *U. S. v. Crow, Pope & Land Enterprises, Inc.*, 340 F.Supp. 25 (D.C.Ga., 1972). Therefore, in these consolidated actions by Chemetron to collect on a promissory note and by C. A. Gases Industriales to recoup a share of stock, a counterclaim may not be asserted by Cervantes against Allegheny-Ludlum since it is not a party to the action, and, thus, the claim is not within the scope of Rule 13. See: *Mitchell v. Richey*, 164 F.Supp. 419 (D.C.S.C., 1958).

Cervantes cites *Bulova Watch Co., Inc. v. K. Hattori & Co., Ltd.*, 508 F.Supp. 1322 (E.D.N.Y., 1981) "because said decision does not in any way preclude the Court in these consolidated cases to find Allegheny-Ludlum liable to Cervantes and amenable to personal jurisdiction as a result of the acts of its two subsidiaries, Chemetron and C. A. Gases Industriales". As stated in *Bulova, supra*, at 1333: "The question of personal jurisdiction in a diversity action is determined in accordance with the law of the state in which the court sits". Therein, the

court applied New York Civil Procedure Law and Rules, not applicable nor pertinent to the case at bar.

II.  Plaintiffs' Motion to Dismiss Defendant's Counterclaims against Chemetron and C. A. Gases Industriales.

We must first determine whether defendant's counterclaims are compulsory or permissive.  The most widely accepted test by which the compulsory or permissive nature of a specific counterclaim can be determined is whether the counterclaim is logically related to the claim being asserted by the opposing party.  See, e. g., *Fox Chemical Co. v. Amsail, Inc.*, 445 F.Supp. 1355 (D.C.Minn., 1978); *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926); *Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1291 (7 Cir., 1980); *Warshawsky & Co. v. Arcata Nat. Corp.*, 552 F.2d 1257 (7 Cir., 1977); *Plant v. Blazer Financial Services, Inc., of Ga.*, 598 F.2d 1357 (5 Cir., 1979); *United States v. Aquavella*, 615 F.2d 12 (2 Cir., 1979); *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3 Cir., 1961).

Applying the logical relationship test to the facts in this case we find that Cervantes' counterclaims did arise out of the same transaction or occurrence as the claim asserted by plaintiffs; that is, they all arise out of the transfer of employment of Cervantes from Chicago to Caracas.  The obvious interrelationship of the claims and rights of the parties, coupled with the common factual basis of the claims, demonstrate this logical relationship between plaintiffs' claims and Cervantes' counterclaims.

Compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure require that the defendant assert the claim or be forever barred if the claim "arises out of the transaction or an occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.  But, the defendant need not

state the claim if (1) at the time the action was commenced the claim was the subject of another pending action...".  Under this provision defendant need not assert any counterclaim that is already before this Court at the time plaintiff commences his action.  6 Wright and Miller, Federal Practice and Procedure, Section 1411; *Baker v. Gold Seal Liquors, Inc., supra*.  However, we do not accept plaintiffs' contention that a compulsory counterclaim is not "compulsory", as defined by Rule 13(a), simply because it is the subject of a pending action.  Rule 13(a)(1) provides a defendant with the option of either maintaining his prior action without being forced to bring it as a counterclaim in the second action or filing his counterclaim and thereby adjudicating all the issues before the same court.  If a defendant elects to bring the counterclaim, the court will treat it as compulsory and no independent jurisdictional base must exist.  6 Wright and Miller, Federal Practice and Procedure, Section 1411, at 59–60, and Section 1413; 3 Moore's Federal Practice, Section 13.14(2); *H. L. Peterson Company v. Applewhite*, 383 F.2d 430, 433, n.3 (5 Cir., 1967); *Avondale Shipyards, Inc. v. Propulsion Systems, Inc.*, 53 F.R.D. 341 (E.D.La., 1971); *Fox Chemical Co. v. Amsoil Co., supra; Union Paving Co. v. Downer Corporation*, 276 F.2d 468 (9 Cir., 1960).

Wherefore, we conclude that Cervantes' counterclaim against Chemetron and C. A. Gases Industriales is compulsory, and plaintiffs' motion to dismiss the same must be denied.

III.  Chemetron's Motion for Summary Judgment.

As a result of Cervantes being no longer employed by Allegheny-Ludlum nor by an affiliated company or subsidiary of said corporation, and pursuant to the terms of the loan agreement and the promissory note, Chemetron Corporation demanded by letter from defendant repayment of the $20,000.00 loan within thirty days.  Defendant admits having received the written demand and admits that the demand period has elapsed and that he has not paid the amount of the loan.  There is no genuine

issue as to any material fact. Defendant raises the defense that the loan is part of a reciprocal obligation to pay severance compensation. Furthermore, defendant contends that his counterclaim is compulsory and, thus, is a bar to granting plaintiff's motion for summary judgment. The loan agreement of November 22, 1978, is clear and the copy of the note is unequivocal and unconditional in its terms. See *In Re Las Colinas, Inc.*, 294 F.Supp. 582 (D.C.P.R., 1968), rev'd on other grounds 426 F.2d 1005 (1 Cir., 1970); *Madera v. Madera*, 49 P.R.R. 159 (1935), aff'd. 88 F.2d 855 (1 Cir., 1937).

■ Rule 13(c)[1] of the Federal Rules of Civil Procedure, by specifically stating that a "counterclaim may or may not diminish or defeat the recovery sought by the opposing party" preserves the right of a party to plead either set off or recoupment, as well as makes it clear that he is allowed to interpose a claim in excess of the main claim. 6 Wright and Miller, Civil Federal Practice and Procedure, Section 1426, at 137.

■ Rule 56 of the Federal Rules of Civil Procedure permits the entry of a summary judgment on a claim, counterclaim or cross-claim and directs that the judgment shall be entered forthwith if there is no genuine issue as to any material fact. This judgment is interlocutory in nature and does not become final unless the Court expressly determines under Rule 54(b)[2] of the Federal Rules of Civil Procedure that there is no just reason for delay in execution and expressly directs the entry of judgment. *Schroeter v. Ralph Wilson Plastics, Inc.*, 49 F.R.D. 323, 326 (S.D.N.Y., 1969); 10 Wright and Miller, Federal Practice and Procedure, Section 2657; *Boston Edison Co. v. Great Lakes Dredge & Dock Co.*, 423 F.2d 891 (1 Cir., 1970).

■ The case cited by defendant in support of his contention that a compulsory counterclaim is a bar for granting of summary judgment is not applicable to the case herein. In *Parmelee v. Chicago Eye Shield Co.*, 157 F.2d 582 (8 Cir., 1946) defendant therein denied that he was indebted to the plaintiff and this tendered an issue of fact which did not permit the entry of a summary judgment.

The existence of defendant's counterclaim does not affect the propriety of summary judgment in this case. See *Omark Industries, Inc. v. Lubanko Tool Co.*, 266 F.2d 540 (2 Cir., 1959); *Electroglas, Inc., v. Dynatex Corp.*, 473 F.Supp. 1167 (N.D.Cal., 1979). As stated in *Schroeter v. Ralph Wilson Plastics, Inc., supra*, at 326:

"Once the independent nature of the claim is established, considerations of possible set off through recovery on other claims by the party against whom summary judgment is taken become relevant only to the question of whether the summary judgment as rendered should be made final under Rule 54(b) prior to resolution of any remaining issues in the case."

The fact that defendant's counterclaim is compulsory does not absolutely preclude the entry of partial summary judgment, nor does the fact that the amount of Cervantes' counterclaim might exceed Chemetron's claim. See *Bethlehem Steel Corp. v. Tishman Realty & Const.*, 72 F.R.D. 33 (S.D. N.Y., 1976); *Schroeter v. Ralph Wilson Plastics, Inc., supra; Cold Metal Process Co. v. United Co.*, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956).

In conclusion, Chemetron's claim on the loan to Cervantes is not disputed. Cheme-

1. Rule 13(c) provides: "A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party."

2. Rule 54(b) provides in pertinent part:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment...."

tron's motion for summary judgment must be granted. The question of the finality of the summary judgment herein granted must wait for any application that may be made by Chemetron for an order of finality under Rule 54(b).

Accordingly, the Court hereby ORDERS that plaintiffs' motion to dismiss defendant's counterclaims as to Chemetron and G. A. Gases Industriales, be and is hereby DENIED; and

FURTHER ORDERS that plaintiffs' motion to dismiss defendant's counterclaim as to Allegheny-Ludlum, be and is hereby GRANTED; and

FURTHER ORDERS that Chemetron's motion for summary judgment against Cervantes for $20,000.00, be and is hereby GRANTED.

IT IS SO ORDERED.