T.S.I. 27, INC., Plaintiff,

v.

BERMAN ENTERPRISES, INC., Defendant.

No. 86 Civ. 5770 (RWS).

United States District Court, S.D. New York.

March 31, 1987.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiff; Renato C. Giallorenzi, of counsel.

Jared Stamell, New York City, for defendant.

SWEET, District Judge.

Plaintiff T.S.I. 27, Inc. ("TSI") has moved against defendant Berman Enterprises, Inc. ("Berman") for severance of Berman's fifth counterclaim under Rule 21, Fed.R. Civ.P., for summary judgment under Rule 56, and for final judgment under Rule 54(b). For the reasons set forth below, Berman's counterclaim is severed and partial summary judgment is granted.

**The Facts**

TSI, a Louisiana corporation with its principal place of business in Louisiana, owns and operates a tugboat named the TSI-27. On August 25, 1985, TSI chartered the TSI-27 to Pan Oceans Marine, Inc. ("Pan Oceans") who used it to perform certain towing services for Berman, a New York corporation with its principal place of business in Bayonne, New Jersey, and affiliated companies.

In March of 1986 Pan Oceans assigned its Berman receivables, $81,730.00, to TSI. The amount was calculated as the difference between the value of towing services that Pan Ocean performed for Berman from November, 1985 to March, 1986, less the value of fuel and routine maintenance that Berman and its affiliates provided to Pan Oceans. TSI also performed towing services for Berman directly in February and March of 1986. This action seeks $149,656.25 in satisfaction of both debts.

In support of its motion for partial summary judgment, TSI has submitted documents to establish leasing and towing fees owed of $117,423.95. Berman has

challenged some of the hours claimed by TSI and alleges that the figure should instead be only $113,525.00. In addition, Berman has counterclaimed, seeking to recover money for routine servicing performed on the TSI–27 during the course of the business relationship and also seeking damages for losses incurred in a separate incident when a barge was damaged while being towed by TSI's tug. The barge was owned by an unrelated company, Bouchard Transportation Corp. ("Bouchard"), but Berman claims to have repaired and cleaned the barge at the direction of TSI, and that Bouchard withheld towing fees subsequent to the accident.

TSI has acknowledged some services provided by Berman, denies approving or ordering any repairs to the barge, and challenges Berman's capacity to maintain a claim on behalf of Bouchard. TSI moved for summary judgment on its contract claim, and to sever that part of Berman's counterclaim relating to the Bouchard accident. Affidavits, exhibits and memoranda were presented by both parties, and argument was heard on November 28, 1986.

**Rule 21 Severance**

Courts may order a Rule 21 severance when it will serve the ends of justice and further the prompt and efficient disposition of litigation. *General Tire & Rubber Co. v. Jefferson Chemical Co.,* 50 F.R.D. 112 (S.D.N.Y.1970). *See Wyndham Associates v. Bintliff,* 398 F.2d 614 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968). *See generally* 3A J. Moore Federal Practice ¶ 21.05[2] at 2144–47 (2d ed. 1986). When counterclaims are based "on an entirely different factual situation from that underlying plaintiff's claim for payment" they are readily severable. *Spencer, White & Prentis, Inc. v. Pfizer, Inc.,* 498 F.2d 358, 362 (2d Cir.1974). They do not form a basis for denial of summary judgment on plaintiff's claim. *Id.; see also Republic Nat'l Bank v. Sabet,* 512 F.Supp. 416, 427 (S.D.N.Y.1980), *aff'd,* 681 F.2d 802 (2d Cir.1981), *cert. denied,* 456 U.S. 976, 102 S.Ct. 2241, 72 L.Ed.2d 850 (1982).

Here, Berman's answer sets out five distinct counterclaims. The first four relate to amounts allegedly due Berman for services provided by her and affiliated companies to and for the operation of the TSI–27: "Fuel, maintenance and other services necessary for the operation of the T.S.I. 27" (Defendant's Answer ¶ 17), "tank cleaning" (Defendant's Answer ¶ 18), "fuel" (Defendant's Answer ¶ 19), and "ship repair and wharfage" (Defendant's Answer ¶ 20). All of these claims involve a dispute over contracts between Berman and affiliated companies on one side, and TSI (and apparently Pan Oceans, too) on the other. However, Berman's fifth counterclaim alleges that "[a]s a result of the negligent operation and navigation of the T.S.I. 27, the [barge] was damaged in a collision in the amount of $44,829.50 ..." (Defendant's Answer ¶ 21). The fifth counterclaim is the only cause of action between the parties involving tort law.

TSI argues that to determine the actual party liable for the collision, an entirely different set of facts and issues must be presented and resolved, and it will be necessary to implead a third party involved in the incident, who otherwise has no connection to the rest of the case. Berman, on the other hand, wishes to treat the accident simply as part of the contract dispute, claiming "Pan Oceans agreed to be responsible for damages to barges in its control." But Berman's own exhibits show that while all the other invoices were sent to TSI or Pan Oceans, the bills for the barge were sent directly to the owners of the barge, Bouchard Transportation, and not to TSI or Pan Oceans. Consequently, TSI's motion for a Rule 21 severance is granted.

**Summary Judgment**

Fed.R.Civ.P. 56(c) provides that a court shall grant a motion for summary judgment if, based on the pleadings, affidavits, and admissions, it determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering the motion, the court's respon-

sibility is to "assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9 (2d Cir. 1986); *see Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson,* 106 S.Ct. at 2511.

In *Electro-Catheter Corp. v. Surgical Specialties Instrument Co.,* 587 F.Supp. 1446 (D.N.J.1984), plaintiff was granted summary judgment on a claim for goods sold and delivered, where defendant did not dispute that goods were delivered or that invoices accurately reflected the price of the goods, notwithstanding the fact that the defendants claim for setoff remained to be adjudicated. 587 F.Supp. at 1456. The court found that when defendant did not dispute receiving the goods, or the prices for them, "no genuine dispute as to any material fact regarding plaintiff's right to recover on these invoices is present." *Id.*

Rule 56(d) provides:

**Case not fully adjudicated on motion**

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Even if the counterclaims relating to the barge accident were not severed, summary judgment would still be proper:

Despite the apparent equities supporting defendant's claim for an offset from the amounts owed to the plaintiff, partial summary judgment ... is appropriate.

. . .

The defendants' assertions of its entitlement to an offset does not preclude this court from granting partial summary judgment on these contract claims since no material facts remain for adjudication. 6 Moore's Fed.Prac. ¶ 56.17[15] at 813 ("practical administration dictates that [the court] should settle what issues are not disputed, and thus shape up the case for trial of those that are"). In similar circumstances, other courts have granted partial summary judgment on contract claims, even though the defendant could be entitled to a setoff or recoupment if it were successful on its counterclaim.

*Electro-Catheter,* 587 F.Supp. at 1456–57 (citing *Chemetron Corp. v. Cervantes,* 92 F.R.D. 26 (D.P.R.1981) and *Electroglas, Inc. v. Dynatex Corp.,* 473 F.Supp. 1167 (N.D.Cal.1979)).

Here, TSI has submitted documentation reflecting that Berman owes it $117,423.95 for the leasing of and towing by the TSI–27. Berman has disputed some of TSI's hours, and submits that this amount should be only $113,525.00, a difference of $3,898.95.

Because the claims relating to the barge accident have been severed, the only set-offs available to Berman against the towing and leasing fees owed (regardless of whether the higher or lower figures are accepted) are those which relate to the routine servicing of the TSI–27 during the period of the ongoing relationship. By Berman's count, which is disputed by TSI, these set-offs total $68,196.61. Taking Berman's lower figure of $113,525.00 as to leasing and towing fees owed, and taking Berman's higher figure of $68,196.61 for the set-offs for routine service, it is undisputed that Berman owes TSI *at least* the difference between the two: $45,328.39.

Consequently, partial summary judgment is granted to TSI in the amount of $45,328.39.

Still in dispute in this action is the extra $3,898.95 which TSI says it is owed for towing and leasing, and the $68,196.61 which Berman claims as a set-off. In addition, of course, the entire issue of the barge accident is in dispute in the action that has been severed.

**Rule 54(b) Certification**

Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim [or] counterclaim ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay....

Fed.R.Civ.P. 54(b).

■ Because entry of final judgment can lead to the type of piecemeal appeals that a trial court "has an independent duty to avoid," *Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir.1976), the entry of a Rule 54(b) order is not to be done lightly, that is, as a courtesy or accommodation to counsel, but only in the infrequently harsh case. *Ansam Assoc. v. Cola Petroleum*, 760 F.2d 442, 445 (2d Cir.1985); *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir.1978). Similarly, in *Stauffer Chemical Co. v. Keysor-Century Corp.*, 541 F.Supp. 234 (D.Del. 1982), the court granted plaintiff final judgment under Fed.R.Civ.P. 54(b) on balances that both parties agreed were due plaintiff on a "running account," even though defendant had filed counterclaims against plaintiff, and both the claim and counterclaims arose from the same running account. 541 F.Supp. at 237. The court found that when claims and counterclaims arose from separate and distinct contracts, based on circumstances totally different and during different periods of time, and where, in the absence of certification, plaintiff would not be paid for a substantial period of time, plaintiff was entitled to final judgment on its claim for balances due:

Certification would not result in unnecessary appellate review. Any review of the claims asserted by plaintiff, which are agreed upon but for defendant's argument that they arose out of a "running account," would not be mooted by any further developments in the case. Nor would an appeal caused by certification require the appellate court to decide the same issues if there were later appeals. As stated, the amount of the claim of the plaintiff is not disputed. The only purpose of the certification is for plaintiff to obtain a final judgment (which has been subject to appellate review) so that plaintiff can be paid promptly.

541 F.Supp. at 235–36.

■ Here, TSI has submitted a letter from its bank showing serious delinquencies on loans relating to the TSI 27, which notes "the continued ability of the corporation to survive is in jeopardy" unless payments are made. Under the circumstances, a delay in final judgment poses a significant "danger of hardship or injustice through delay," *Ansam*, 760 F.2d at 445 (quoting *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968)). There consequently being no just reason for delay, final judgment shall be entered for $45,328.39 of TSI's claims.

**Conclusion**

Defendant's fifth counterclaim is hereby severed pursuant to Fed.R.Civ.P. 21.

Partial summary judgment is hereby granted to plaintiff in the amount of $45,328.39. Having determined that there is no just reason for delay in certifying the judgment under Rule 54(b), the court directs the entry of final judgment in that amount for plaintiff.

IT IS SO ORDERED.