**SALOMON S.A. and Salomon/North America, Inc., Plaintiffs,**

v.

**SCOTT USA LIMITED PARTNERSHIP and Charles T. Ferries, Inc., Defendants.**

Civ. A. No. 87–0874–S.

United States District Court, D. Massachusetts.

Oct. 1, 1987.

Neil F. Greenblum, Sandler & Greenblum, Arlington, Va., James C. King, Hanify & King, Boston, Mass., for plaintiffs.

Elizabeth Rituo, Donna L. Palermo, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for defendants.

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR SEVERANCE AND STAY, OR DISMISSAL OF, DEFENDANTS' DUPLICATIVE COUNTERCLAIMS

SKINNER, District Judge.

Plaintiffs Salomon S.A. and Salomon/North America, Inc. (collectively, "Salomon") initiated the above-entitled action on April 9, 1987, seeking a declaratory judgment and injunctive relief in relation to a patent dispute with defendants Scott USA Limited Partnership ("Scott USA") and Charles T. Ferries, Inc. ("CTF"). The patent in question, U.S. Patent No. 4,095,-356, is alleged to be held by Scott USA and CTF in connection with their manufacture and sale of a line of recreational ski boots.

Simultaneously, Salomon initiated three additional actions (87–0875–Z; 87–0876–WD; and 87–0877–Y) relating to three patents (U.S. Patent Nos. 3,885,329; 4,062,133; and 4,284,273), all of which relate to the manufacture and sale of the same line of ski boots involved in this action.

In their answer and counterclaim, defendants Scott USA and CTF asserted patent infringement not only of the patent involved in this action, but of the patents at issue in the other three actions, as well, in spite of the fact that the latter three patents were the subject of three separate co-pending actions. Indeed, Scott USA and CTF filed identical counterclaims alleging patent infringement of four patents in all four actions.

Scott USA and CTF moved this court to consolidate all four actions, on the grounds that they all involve identical parties, they were filed on the same date, they involve the same line of ski boots, and they involve identical counterclaims. By order of July 7, 1987, I denied this motion, because the

different patent claims necessarily involve different issues of novelty.

Salomon now moves pursuant to Fed.R.Civ.P. 21 to sever and stay Scott USA and CTF's counterclaims based upon those patents which are the subject of the other pending cases pending dispositions of those counterclaims. Alternately, Salomon seeks that these counterclaims be dismissed or stricken as redundant, Fed.R.Civ.P. 12(f).

A district court may, in its discretion, defer or abate proceedings where another suit, involving identical issues, is pending in either a federal or state court, and where it would be duplicative, uneconomical, and vexatious to proceed otherwise, *Blinder, Robinson & Co., Inc. v. U.S.S.E.C.*, 692 F.2d 102, 106 (10th Cir.1982). Moreover, the court has broad discretion on such questions of severance, *Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73 (D.Wis. 1985).

Notwithstanding defendants' arguments that the counterclaims here at issue are compulsory counterclaims under Fed.R.Civ.P. 13(a), the fact that each patent involves distinct issues of novelty necessarily leads to the conclusion that each respective counterclaim is an offshoot of a distinct controversy underlying each of the other three actions. Moreover, Rule 13(a)(1) provides that a compulsory counterclaim need not be pleaded if "at the time the action was commenced the claim was the subject of another pending action."

In my opinion, each counterclaim alleging infringement of a patent should be tried in the case in which the validity of the patent will be tested. Accordingly, so much of the counterclaim as relates to U.S. Patent Nos. 3,885,329, 4,062,133 and 4,284,-273 is SEVERED and STAYED pending disposition of these claims in the several cases to which they relate.