896 F.Supp. 505 (1995)
CVI/BETA VENTURES, INC., et al., Plaintiffs,
v.
CUSTOM OPTICAL FRAMES, INC., et al., Defendants.
Civ. No. PJM 94-760.
United States District Court, D. Maryland.
July 14, 1995.
Francis B. Burch, Jr., Robert J. Mathias, John Caleb Dougherty, Piper & Marbury, Baltimore, MD, James J. Maune, New York City, for plaintiffs.
Jody Maier, Arthur P. Fergenson, Weinberg & Green, Baltimore, MD, Peter D. Olexy, Kenneth J. Burchfiel, Scott M. Daniels, Brett S. Sylvester, Sughrue, Mion, Zinn, Macpeak & Seas, Washington, DC, for defendants.

MEMORANDUM OPINION
MESSITTE, District Judge.

I.
Plaintiffs CVI/Beta, Marchon Eyewear, Inc., Marcolin USA, Inc. and Rothandberg, *506 Inc. initiated this action for patent infringement against Defendants Custom Optical Frames, Inc., and Charles Dahan on March 25, 1994. On August 31, 1994, Nissey Co., Ltd. and Kanto Special Steel Works, Ltd., suppliers of Custom Optical, sought to intervene and were later joined as Defendants. In their Second Amended Complaint, Plaintiffs allege that all Defendants infringe U.S. Patent No. 4,772,112 (the '112 patent) and U.S. Patent No. 4,896,955 (the '955 patent) through the manufacturing, importation, sale and use of certain eyeglass frames sold by Custom Optical.
In its Answer to the Second Amended Complaint, Defendant Kanto filed a Second Counterclaim alleging that Marchon (and Marchon only) is infringing Kanto's U.S. Patent No. 5,078,485 (the '485 patent). That patent deals with eyeglass temples which may involve a nickel titanium core buried in plastic. Plaintiffs have moved to sever the Second Counterclaim pursuant to Federal Rule of Civil Procedure 21. Defendants oppose severance. The Court will grant Plaintiffs' Motion.

II.
Federal Rule of Civil Procedure 21 provides that, "any claim against a party may be severed and proceeded with separately." Although the rule concerns misjoinder and nonjoinder of parties, the Second Circuit has held "that this provision authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons...." Wyndham Associates v. Bintliff, 398 F.2d 614, 618 (2d Cir.1968), cert. denied, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968). Other circuits are in accord, holding that a district court has broad discretion in granting a severance under Rule 21. See e.g. United States v. O'Neil, 709 F.2d 361, 369 (5th Cir.1983) (the explicit language of the rule provides for the severance of any claim).
A claim may be severed if it will serve the ends of justice and further the prompt and efficient disposition of litigation. General Tire & Rubber Co. v. Jefferson Chem. Co., 50 F.R.D. 112, 114 (S.D.N.Y. 1970); see also Wyndham, 398 F.2d at 618. Severance is also appropriate when a counterclaim is based upon an entirely different factual situation from that which supports the plaintiff's claim. T.S.I. 27, Inc. v. Berman Enterprises, Inc., 115 F.R.D. 252, 254 (S.D.N.Y.1987) (quoting Spencer, White & Prentis, Inc. v. Pfizer, Inc., 498 F.2d 358, 362 (2d Cir.1974)).

III.
In the Court's view, severance of Kanto's Counterclaim will undoubtedly serve the ends of justice and further the prompt and efficient disposition of the main action. It is true, as Defendants contend, that both the Beta patents and the Aiba patent claim flexible eyeglass frames made from nickel titanium alloys. It may also be true that related processes and certain common witnesses would be involved in the several inquiries. But, as Plaintiffs rejoin, resolution of the original action will require determination of (1) the validity and enforceability of the Beta '112 and '955 patents, (2) infringement of the Beta patents by Defendants and (3) damages suffered by Plaintiffs. Resolution of the Second Counterclaim will require determination of the validity and enforceability of the '485 patent, (2) the alleged infringement of the '485 patent by the Marchon frames and (3) damages suffered by Kanto. The coverage and scope of the Beta and '485 patents will involve analysis of different file histories, specifications, inventors, and possibly different expert witnesses.
In General Tire & Rubber, the United States District Court for the Southern District of New York found that two patent claims were "separate and distinct" despite a common field of concern, because, "the inventions, the dates of invention, the inventors, places of invention and the ownership are all different." 50 F.R.D. at 114. The United States District Court for the District of Massachusetts has observed that "different patent claims necessarily involve different issues of novelty." Salomon S.A. v. Scott USA Limited Partnership, 117 F.R.D. 320, 321 (D.Mass.1987) (four patent actions involving ski boots were not consolidated). Were the Second Counterclaim to remain in the main case, the jury would need to consider separate *507 eyeglass frames, separate patent claims and specifications, separate file histories, and separate affirmative defenses. Such commonality as may exist among the patents is far outweighed by the potential for jury confusion.
Defendants' Counterclaim also involves different parties. Two of the three individual joint owners of the '485 patent are not parties to the current litigation and four parties in the current litigation have no interest in the Second Counterclaim at all. Permitting the Counter-Claim to go forward in this case would mean that each Plaintiff uninvolved in the Counterclaim would bear the burden of extended and costly discovery, pretrial procedures and motions practice while they waited for adjudication of their own claims. Defendants, on the other hand, will not be prejudiced by the severance and retain ample opportunity to pursue the '455 infringement claim elsewhere.
For all these reasons, the Court holds that Defendants' Second Counterclaim should be severed from the main action.
A separate Order implementing this decision will issue.